OPINION
On March 16, 1998, appellees filed a claim in the Small Claims Division of the Fremont Municipal Court which alleged:
 "Paid defendant $760.00 to replace exhaust system on 1983 Mercedez [sic]. Defendant put wrong parts, wired it up with bailing wire, bolted the exhaust to the body. Sounds worse now than before. Diesel fumes come up into car. When called he stated he wanted nothing to do with me, he was very blunt and smart with us. We went to other places of businesses [sic] and they stated it was all wrong we [sic] have statements for proof and cost [.]"
The case was subsequently transferred to the general division of the municipal court and proceeded to a bench trial on May 11, 1998. On June 18, 1998, the court filed a judgment entry awarding appellees $763.20 and costs. Specifically, the court determined that the exhaust system had not been installed correctly and had not been installed in a workmanlike manner. From that judgment, appellant filed a notice of appeal pro se.
App.R. 16(A) sets forth the requirements of an appellant's brief and reads:
 "The appellant shall include in its brief, under the headings and in the order indicated, all of the following:
"(1) A table of contents, with page references.
 "(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.
 "(3) A statement of the assignments of error presented for review, with references to the place in the record where each error is reflected.
 "(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.
 "(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.
 "(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.
 "(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.
 "(8) A conclusion briefly stated the precise relief sought."
Appellant's brief fails to comply with nearly every requirement of App.R. 16(A). In particular, we note that he has failed to state any assignments of error. Appellant does appear to argue, however, that the judgment is against the manifest weight of the evidence. Accordingly, in the interest of justice, we will review the case pursuant to that standard.
In cases asserting that a trial court judgment is against the manifest weight of the evidence, the standard of review on appeal is that of deference to the decision of the trier of fact. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,80. Furthermore, it is well settled that:
 "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus.
Upon review of the record in this case, we find that the trial court's decision was supported by competent, credible evidence. Addressing other concerns raised by appellant in his brief, we further find that the judge did not demonstrate prejudice against appellant and that the judgment is not contrary to law. Appellant's arguments are therefore not well-taken.
On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Fremont Municipal Court is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
 James R. Sherck, J.
 Richard W. Knepper, J.
 John R. Milligan, J.
CONCUR.
Judge John W. Milligan, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.